**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| **TOM MOELLER,** | **CIVIL ACTION NO.:** |
| Plaintiff, | **2:24-CV-00023-SCJ** |
| v. | |
| **WAL-MART ASSOCIATES, INC.,** | |
| Defendant. | |

## JOINT MOTION TO STAY PENDING MEDIATION

COME NOW, Plaintiff Tom Moeller and Defendant Wal-Mart Associates, Inc., by and through undersigned counsel and hereby move this Court for an Order staying all deadlines in this matter. In support of this Motion, Moeller and Walmart (collectively "the Parties") show as follows:

1.      On January 25, 2023, Simmons and six other plaintiffs filed a Complaint against Walmart which asserted various claims, including, but not limited to, claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA").

2.      After Walmart answered on February 24, 2023, plaintiffs filed an Amended Complaint which added 28 additional plaintiffs, including Plaintiff Tom Moeller, (for a total of 35 plaintiffs) and alleged claims pursuant to the FLSA, among other claims.

3.      On April 3, 2023, Walmart moved to sever plaintiffs' claims and moved to stay the proceedings until after the Court ruled on the Motion to Sever. The motion to stay pending the resolution of Walmart's motion to sever was granted.

4.      On January 29, 2024, the Court issued an Order severing all plaintiffs other than Simmons and requiring that Simmons file an amended complaint setting out her individual claims against Walmart. All the other plaintiffs' claims, including Plaintiff Tom Moeller, were dismissed without prejudice and each plaintiff had the "right to file individual actions against Walmart in the appropriate District Court… no later than 30 days from the date of this Order."

5.      On February 5, 2024, Moeller filed his complaint which asserted claims pursuant to the FLSA based on Walmart's alleged misclassification of him as exempt, for unjust enrichment, and for attorneys' fees and expenses under O.C.G.A. § 13-6-11. (Doc. 1).

6.      Walmart moved to dismiss the complaint for failure to state a claim on which relief can be granted on March 4, 2024. (Doc 4).

7.      Moeller filed his first amended complaint ("FAC") on March 15, 2024, which alleged violation of the FLSA based on Walmart's alleged misclassification of Moeller as exempt. (Doc. 6).

8.      Walmart moved to dismiss the FAC for failure to state a claim on which relief can be granted on March 28, 2024. (Doc 9).

2

9.     Following denial of Walmart's motion to dismiss the FAC (Docs. 13, 14, 15), Walmart answered the FAC on September 30, 2024. (Doc 16).

10.    The Court issued its scheduling order on October 24, 2024, setting the close of discovery as February 27, 2025, and the deadline for dispositive motions as March 29, 2025. (Doc 20).

11.    The Parties filed their joint motion to extend discovery on February 17, 2025, which the Court granted in part and denied in part setting the new close of discovery as March 28, 2025, and the deadline for dispositive motions as April 25, 2025.

12.    The Parties have agreed to explore the potential for resolution, have agreed to mediation, and are in the process of identifying a mutually agreeable mediator and mediation dates.

13.    The Parties therefore request the Court enter an Order staying all deadlines in this case. A stay will permit the Parties to focus on a resolution, and prevent the Parties from incurring additional attorneys' fees and costs further litigating this matter, and allow the Parties to allocate their resources towards a potential settlement. Within two weeks following the mediation, the Parties agree to submit a joint status report notifying the Court regarding the result of the mediation and if necessary, will seek permission to continue and or seek an extension of the

applicable deadlines in order to conduct the remaining deposition and post-discovery motions.

14.    This Motion is made for good cause and is not being made for the purposes of delay. The relief requested will not prejudice the Parties.

WHEREFORE, based on the foregoing considerations and authorities, the Parties request that the Court issue an Order staying the case and all deadlines.

Respectfully submitted this 17th day of March 2025.

Lucas & Leon, LLC

/s/ Beverly A. Lucas
BEVERLY A. LUCAS
Georgia Bar No. 427692
P.O. Box 752
Clarkesville, Georgia 30523
Telephone: (706) 754-2001
beverly@lucasandleon.com

*Attorney for Plaintiff*

CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP

/s/ Alyssa K. Peters
ALYSSA K. PETERS
Georgia Bar No. 455211
Highridge Centre
3920 Arkwright Road
Suite 375
Macon, GA 31210
Telephone: (478) 750-8600
apeters@constangy.com

/s/ David N. Korsen
DAVID N. KORSEN
Georgia Bar No. 845200
230 Peachtree St., N.W.
Suite 2400
Atlanta, GA 30303
(404) 525-8622
dkorsen@constangy.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing JOINT MOTION TO STAY PENDING MEDIATION with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Dated this 17th day of March, 2025.

CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP

/s/ Alyssa K. Peters
ALYSSA K. PETERS
Georgia Bar No. 455211

Highridge Centre
3920 Arkwright Road
Suite 375
Macon, GA 31210
(478) 750-8600
apeters@constangy.com