## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

**TOM MOELLER,**

      Plaintiff,

v.

**WAL-MART ASSOCIATES, INC.,**

      Defendant.

**CIVIL ACTION NO.:**
**2:24-CV-00023-SCJ**

## BENCH BRIEF REGARDING STIPULATION OF DISMISSAL AND MOTION FOR RECONSIDERATION AND, IN THE ALTERNATIVE, MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

Before the Court is Plaintiff's stipulation of dismissal without prejudice filed on May 12, 2025, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Doc. 30). Upon conference with the Court on May 27, 2025, the Court has allowed the parties to submit a bench brief outlining their position with respect to same. However, following the conference, the Court issued an Order on May 30, 2025, declining to enter the stipulation of dismissal prior to holding an in-person fact finding hearing with the parties "to provide sufficient information surrounding Plaintiff's decision to dismiss his FLSA claim." (Doc. 32 p. 7).

For the reasons outlined herein, it is the parties' position that Plaintiff may voluntarily dismiss her claims and the case is effectively dismissed upon filing the stipulation of dismissal without prejudice, without further action from the Court. The

1

parties respectfully move the Court for reconsideration or, in the alternative, certification of an interlocutory appeal to the Eleventh Circuit pursuant to 28 U.S.C. § 1292(b). As the Court already acknowledged in its May 30 order, district courts within the Eleventh Circuit (and outside the Eleventh Circuit) are split on whether the voluntary dismissal of an FLSA claim may be entered without scrutiny into the existence of and/or particulars of any underlying settlement agreement. This question warrants a uniform answer within the Eleventh Circuit. Accordingly, certification of an interlocutory appeal is proper.

A.    Voluntary Dismissal Under Rule 41(a)(1)(A)(ii) Is Self-Executing

The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceeding in the United States district courts…" Fed. R. Civ. P. 1. This specifically includes actions brought under the Fair Labor Standards Act. Vasconcelo v. Miami Auto Max, Inc., 981 F.3d 934, 942-943 (11th Cir. 2020). Under Rule 41(a)(1)(A)(ii), a plaintiff may voluntarily dismiss her action *without Court order* upon (as relevant here), a stipulation of dismissal signed by all parties who have appeared. On May 12, 2025, Plaintiff filed a Joint Stipulation of dismissal, without prejudice, with each party to bear is own costs. The stipulation was signed by both Plaintiff and Defendant. (Doc. p. 30). Upon its filing, the case was effectively terminated as the dismissal was self-executing. Indeed, the Eleventh Circuit has held:

2

> [W]e find that the plain language of Rule 41(a)(1)(A)(ii) requires that a stipulation filed pursuant to that subsection is self-executing and dismisses the case upon its becoming effective. The stipulation becomes effective upon filing unless it explicitly conditions its effectiveness on a subsequent occurrence. District courts need not and may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction.

Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1278 (11th Cir. 2012). As the stipulation filed here does not condition its effectiveness on a subsequent occurrence, Anago Franchising is controlling, and the case should be considered effectively dismissed. See also State Treasurer of Mich. v. Barry, 168 F.3d 8, 14 (11th Cir. 1999) (explaining the district court has "nothing further to do when a stipulation of dismissal without prejudice is filed."). The Court pointed out that Anago is not an FLSA case. (Doc. 32 p. 3). That is true, but the Eleventh Circuit has also explained that the Federal Rules of Civil Procedure generally apply in FLSA cases just as they do in all other civil cases. See Vasconcelo v. Miami Auto Max, Inc., 981 F.3d 934, 942-943 (11th Cir. 2020) (analyzing and affirming the application of the Federal Rules of Civil Procedure in an FLSA case and explaining that any conflict with the Federal Rules and the FLSA would be resolved in favor of the application of the Federal Rules under the Rules Enabling Act.).[1]

---

[1] Vasconcelo examines the application of Fed. R. Civ. P 68, but again, the same reasoning should apply under Rule 41.

The only exceptions to a Plaintiff's right of voluntary dismissal under 41(a)(1)(A) are inapplicable here. Rule 41 specifically prohibits the use of this procedure in class actions (Rule 23(e)), derivative actions (Rule 23.1), actions relating to unincorporated associations (Rule 23.2), and actions involving receivers (Rule 66). See FRCP 41(a)(1)(A). The only other limitation mentioned in Rule 41(a)(1)(A) is "any applicable federal statute." Id. The parties are not aware of any applicable federal statute limiting the voluntary dismissal of FLSA actions. Indeed, the FLSA's statutory language does not include such limitation. See 29 U.S.C.A. § 201 et seq. The FLSA's silence on this issue is telling in comparison with other federal statutes' explicit language specifically prohibiting voluntary dismissal—immigration actions under 8 U.S.C. § 1329 and *qui tam* actions under 31 U.S.C. § 3730(b)(1)—both of which were explicitly referenced in the 1937 Advisory Committee's notes for subsection (a)(1). Thus, the relevant language in 8 U.S.C. § 1329 states:

> No suit or proceeding for a violation of any of the provisions of this subchapter shall be settled, compromised, or discontinued *without the consent of the court in which it is pending…*

(emphasis added). And the relevant language in 31 U.S.C. § 3730(b)(1) states:

> The action may be dismissed *only if the court and the Attorney General give written consent* to the dismissal and their reasons for consenting.

(emphasis added). The FLSA's statutory provisions contain no comparable language. Cf. 29 U.S.C.A. § 201 *et seq*. While not binding, recent holdings in other district courts have reached the same conclusion in thorough, well-reasoned opinions. See Askew v. Inter-Cont'l Hotels Corp., 620 F.Supp. 3d 635, 637-639 (W.D. Ky. 2022); and Alcantara v. Duran Landscaping, Inc., No. 21-3947, 2022 WL 2703610, at *1 (E.D. Pa. July 12, 2022).

As the Court pointed out, some district courts in this circuit have allowed dismissals under Rule 41(a)(1)(A)(ii), and some have not. (See, Doc. 32 pp. 3-5). The parties agree with the Court that there is not any case law from this district that addresses the precise issue at hand. However, as the Court pointed out, there are numerous recent opinions in this circuit that have allowed voluntary dismissal in FLSA cases. See e.g., Fortune v. AJ's Auto and Fleet Service Inc., 2025 WL 1294979, No. 2:24-cv-01051 (M.D. Fl. May 5, 2025) (finding under Anago dismissal under FRCP 41(a)(1)(A(ii) of FLSA action effective upon filing without further Court action even if dismissal with prejudice); Jarquin v. Habanero Salvadorean & Mexican Grill LLC, 2025 WL 1397079, No. 2:25-cv-00024, (M.D. Fl. May 14, 2025); Hodges v. Dorian Plumbing LLC, 2025 WL 676304, No. 2:25-cv-00091, (M.D. Fl. March 3, 2025); Acosta v. Real Monarca, Inc., 2021 WL 4125011, No. 2:21-cv-189, (M.D. Fl. Sept. 9, 2021); Brown v. Pontus LLC, No. CV417-202, 2019 WL 1495287, at *2 (S.D. Ga. Apr. 4, 2019).

Because the FLSA does not restrict a Plaintiff's ability to dismiss an FLSA action voluntarily without court order, here Plaintiff's dismissal under Rule 41(a)(1)(A)(ii) is valid. And, pursuant to Eleventh Circuit precedent under <u>Anago Franchising</u>, Plaintiff's dismissal is self-executing and effective upon filing. 677 F.3d at 1278 (11th Cir. 2012).

B.    <u>Precedents Regarding Settlement Agreements Are Inapposite</u>

This Court has expressed concern that, under the Eleventh Circuit's decision in <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350 (11th Cir. 1982), the Plaintiff may not be able to dismiss its case under Rule 41. (<u>See</u> Doc. 32 pp. 5-7). But <u>Lynn's Food</u> is not applicable here. The sole issue at hand in <u>Lynn's Food</u> was whether the district court erred in refusing to *approve a settlement agreement* in a declaratory judgment action. <u>Id.</u> at 1352-55.  Here, the parties are not seeking to enforce a settlement agreement or approval of a settlement agreement; the parties simply seek dismissal of the case, without prejudice, under Rule 41(a)(1). The parties understand that the long-standing precedent in the Eleventh Circuit (rather right or wrong) provides that any settlement agreement regarding an FLSA claim is ineffective and non-binding absent approval by either the Department of Labor or this Court. <u>Id</u>. Again, the parties here do not seek to enforce a settlement agreement and do not seek approval of a settlement agreement. By its terms, <u>Lynn's Foods</u> does not restrict an FLSA plaintiff from exercising his or her discretion as to the voluntary

dismissal of a pending FLSA action. If <u>Lynn's Foods</u> could be extended so far, in effect, it would provide FLSA plaintiffs no way out of pending litigation once it is filed—regardless if the claim proves to be weakened through discovery or continued litigation proves to be too cumbersome or expensive to pursue. That is not the holding of the Eleventh Circuit in <u>Lynn's Foods</u>.

Moreover, the concerns outlined in <u>Lynn's Foods</u> are not applicable here, as both parties are represented by learned counsel and Plaintiff's voluntary stipulation of dismissal is without prejudice. The dismissal without prejudice does not leave the Plaintiff without recourse should Plaintiff otherwise choose to file an FLSA claim at a later date.

C.    <u>Absent Reconsideration, This Court Should Certify An Interlocutory Appeal Pursuant To Section 1292(b)</u>

In the alternative, should this Court disagree, the parties respectfully move for an order certifying the Court's May 30, 2025 Order for interlocutory appeal under 28 U.S.C. § 1292(b). Because this Order is not a final order within the meaning of 28 U.S.C. § 1292(a), it is not immediately appealable as a matter of right. Still, 28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the

order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.[2]

McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1255 (11th Cir. 2004).  As the Eleventh Circuit has explained, the certification of an interlocutory appeal under Section 1292(b) is particularly apt where the certified order "involve[s] potentially dispositive legal questions collateral to the merits that might render unnecessary a lengthy trial." Id. at 1257.

The Court's May 30, 2025 Order raises and addresses a narrow, controlling question of law: Whether a Stipulation of Dismissal without prejudice pursuant to Rule 41(a)(1)(A)(ii) is self-executing and thereby dismisses an FLSA case upon its filing. As the Court itself points out (Doc. 32 pp. 3-5), that pure legal question is the subject of substantial disagreement among the district courts of the Eleventh Circuit and district courts nationwide. See, e.g., Askew v. Inter-Cont'l Hotels Corp., 620 F.Supp. 3d 635, 637-639 (W.D. Ky. 2022); Alcantara v. Duran Landscaping, Inc., No. 21-3947, 2022 WL 2703610, at *1 (E.D. Pa. July 12, 2022); Brown v. Pontus LLC, No. CV417-202, 2019 WL 1495287, at *2 (S.D. Ga. Apr. 4, 2019); cf. Turner v. Interline Brands, Inc., No. 3:16-cv-646-J-39PDB, 2016 WL 7973120, at *3 (M.D. Fla. Nov. 8, 2016); Cardillo v. Limo, Inc., No. 8:11-cv-552-T-23MAP, 2011 U.S. Dist. LEXIS 86100, at *1-2 (M.D. Fla. Aug. 4, 2011). This is an important and

---

[2] Even when not stated in the order, such relief may be, and frequently is, sought by motion.

frequently recurring legal question, collateral to the merits of the dispute among the parties, for which there ought to be a uniform answer among the district courts of the Eleventh Circuit. And resolution of that question would materially advance the termination of the litigation here, as it would clarify the manner in which a plaintiff may voluntarily terminate the prosecution of an FLSA claim, thereby avoiding in this case (and in the ten other related cases that Plaintiff's counsel seeks to dismiss) the need for a trial. This is exactly the kind of scenario in which Section 1292(b) certification is most appropriate. <u>See</u> <u>McFarlin</u>, 381 F.3d at 1257.

WHEREFORE, the parties respectfully request the Court reconsider its May 30, 2025 Order, that Plaintiff's stipulation of dismissal be entered, and the case dismissed without prejudice. In the alternative, the parties respectfully ask this Court to certify its May 30, 2025 Order for interlocutory appeal.

This 2nd day of June, 2025.

Lucas & Leon, LLC

/s/ Beverly A. Lucas
BEVERLY A. LUCAS
Georgia Bar No. 427692
P.O. Box 752
Clarkesville, Georgia 30523
Telephone: (706) 754-2001
beverly@lucasandleon.com

*Attorney for Plaintiff*

CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP

/s/ Alyssa K. Peters
ALYSSA K. PETERS
Georgia Bar No. 455211
Highridge Centre
3920 Arkwright Road
Suite 375
Macon, GA 31210
Telephone: (478) 750-8600
apeters@constangy.com

/s/ David N. Korsen
DAVID N. KORSEN
Georgia Bar No. 845200
230 Peachtree St., N.W.
Suite 2400
Atlanta, GA 30303
(404) 525-8622
dkorsen@constangy.com

*Attorneys for Defendant*

## <u>CERTIFICATION OF COMPLIANCE</u>

Pursuant to Local Rule 7.1, the undersigned counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1, specifically Times New Roman 14.

Dated this 2nd day of June, 2025.

CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP

/s/ Alyssa K. Peters
ALYSSA K. PETERS
Georgia Bar No. 455211

Highridge Centre
3920 Arkwright Road
Suite 375
Macon, GA 31210
(478) 750-8600
apeters@constangy.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing BENCH BRIEF REGARDING STIPULATION OF DISMISSAL AND MOTION FOR RECONSIDERATION AND MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Dated this 2nd day of June, 2025.

CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP

/s/ Alyssa K. Peters
ALYSSA K. PETERS
Georgia Bar No. 455211

Highridge Centre
3920 Arkwright Road
Suite 375
Macon, GA 31210
(478) 750-8600